John **REED**

v.

**PEOPLE–TO–PEOPLE HEALTH FOUNDATION, INC.**

**Civ. A. Nos. 70–1316, 1628.**

United States District Court, E. D. Pennsylvania.

Jan. 12, 1972.

William Goldstein, Goldstein & Goldstein, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court to mold a jury verdict rendered in favor of the Plaintiff in his admiralty claim on October 8, 1971. The jury in this case rendered a verdict of $500.00 in favor of the plaintiff on his claims based on negligence and unseaworthiness, but reduced said award to $100.00 based on their finding that plaintiff was contributorily negligent. Moreover, the jury found that plaintiff was entitled to maintenance and cure for thirty days. Since defendant has paid maintenance and cure for twenty-two of those days, we assess a verdict of $64.00 for maintenance and cure based on the figure of $8.00, which both counsel for plaintiff and defendant agree is the daily sum to which a seaman is entitled for maintenance and cure.

Finally, we must determine as a non-jury matter pursuant to a hearing and affidavits and briefs submitted whether plaintiff is entitled to legal fees in connection with his being forced to retain counsel to pursue his claim for maintenance and cure; and, if he is so entitled, the amount of such award. It is clear that a seaman is entitled to counsel fees where he must take legal action to recover maintenance and cure payments to which he is entitled where there was no good cause for the shipowner's failure to pay. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). We find no such good faith reason in the instant case. There is no evidence on the record that defendant ever made any effort to ascertain whether plaintiff's ear infection (the basis for the eight days' maintenance and cure found due by the jury in excess of that paid) was service related. In the absence of any such investigation, defendant cannot claim that maintenance and cure payments were denied in good faith, even if investigation might reveal they had good cause to refuse payment. Refusal to pay without a basis for that refusal is clearly willful and necessitates the awarding of counsel fees. Consequently, we conclude that plaintiff is entitled to counsel fees.

In submitting affidavits in support of his request for counsel fees,

**20**

plaintiff has included with his fees for maintenance and cure his fees incurred in prosecuting his claim for injuries under the Jones Act and for unseaworthiness and his claim for transportation expenses. The total legal fees associated with these claims is $1,434.17 for 33½ hours' work.[1] There were three distinct claims involved in the instant case, and only maintenance and cure legal expenses are reimbursable. Since virtually all of plaintiff's itemized expenses apply to all three of these claims, we conclude that plaintiff is entitled only to one-third of his reasonable legal expenses in prosecuting all aspects of the instant case.

In determining the reasonableness of plaintiff's claim, we note that plaintiff's individual claims are substantiated by the docket entries and that the fees claimed are at or below the current minimum fee schedule suggested by the Philadelphia Bar Association. We, therefore, conclude that Plaintiff is entitled to one-third of the legal fees claimed, or $478.06.

---

1. We do not include the costs claimed in our determination, since we have decided that plaintiff is entitled to the costs incurred in prosecuting all three claims.